IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02032-RPM

AMY ARAGON,

    Plaintiff,

v.

ADAMS COUNTY CORONER'S OFFICE
JAMES HIBBARD, in his official capacity,

    Defendants.

___

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**
___

Plaintiff Amy Aragon ("Plaintiff" or "Ms. Aragon") by and through her counsel, David A. Lane and Qusair Mohamedbhai of KILLMER, LANE, & NEWMAN, LLP, hereby files the following RESPONSE TO DEFENDANTS' MOTION TO DISMISS. The grounds for this Response are set forth fully herein:

## I. INTRODUCTION

This is an action for damages to redress the violation of Plaintiff's rights pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000-e *et seq* ("Title VII"). During her employment with Defendants, Plaintiff was subjected to sexual harassment by her supervisor, Mark Chavez, and co-worker, James O'Connel. Plaintiff was terminated by Defendants for among other unlawful reasons, her complaints of a sexually hostile work environment and refusal of the sexual advances of her supervisor.

Defendants move for the dismissal of Plaintiff's litigation based on the incorrect argument that the Adams County Coroner and the Adams County Coroner's Office are not

employers under Title VII as they employ fewer than fifteen employees.  Defendants' Motion to Dismiss fails because well-settled Tenth Circuit case law holds that since the Adams County Coroner and his offices are agents of Adams County (which employs thousands of workers), Ms. Aragon is legally an employee of Adams County for purposes of Title VII.

Even if this Court were to somehow conclude that the Adams County Coroner was not part of Adams County which employs well over fifteen people, at the very least this Court should conclude that the Coroners' office is an agent of Adams County and therefore not entitled to dismissal.  Granting Defendants' Motion to Dismiss would not further the purposes supporting Title VII's jurisdictional requirement of fifteen or more employees.  Finally, Ms. Aragon contemporaneously submits an Amended Complaint with this Response which states facts demonstrating that Defendants and Adams County are single employers and/or an integrated enterprise.

## II. LEGAL STANDARD

The Supreme Court's "plausibility" standard for evaluating the sufficiency of a Complaint under 12(b)(6) does not require detailed factual allegations.  *Bell Atlantic Corp., et al. v. Twombly, et al.*, 540 U.S. 545, 555 (2006).  "[A] well pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* at 556 (quoting *Scheuer v. Roads*, 416 U.S. 232 (1974)).  The Rule erects a powerful presumption against dismissing pleadings for failing to state a cognizable claim for relief.  *Maez v. Mountain States Tel. & Tel. Inc.*, 54 F.3d 1488 (10th Cir. 1995).  In considering a Rule 12(b)(6) motion, the court will not decide the winners or losers in the case, or even examine the "believability" of the pleader's claims, or weigh the evidence.  *In re Wal-Mart Stores Inc.*, 395 F.3d 1177, 1189 (10th Cir. 2005).  "The court's function on a Rule 12(b)(6)

motion is not the weigh potential evidence that the parties might present at trial, but to assess whether the complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head State, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003)(citations omitted).

### III. ARGUMENT

1. **Defendants' Motion to Dismiss should be Denied as Ms. Aragon is an Employee of Adams County for Purposes of Title VII.**

    The cases of *Owens v. Rush*, 636 F.2d 283 (10th Cir. 1980) and *Johnson v. Board of County Comm'rs*, 859 F. Supp. 438 (D. Colo. 1994) resolve the jurisdictional challenge asserted in Defendants' Motion to Dismiss in Ms. Aragon's favor.[1] The plaintiff in *Owens* brought Title VII claims against the Sheriff's Department of Wabaunsee County, Kansas. *See, generally, Owens v. Rush*, 636 F.2d 283 (10th Cir. 1980). All Title VII claims against the Wabaunsee County Sheriff's Department were dismissed by the district court because "at all relevant times, the Sheriff's department did not employ fifteen or more employees, but Wabaunsee County did." *Owens*, 636 F.2d at 286.

    The Tenth Circuit Court of Appeals reversed and remanded, holding that for purposes of Title VII, an elected Sheriff is an agent of the county as a whole.

    > A fair interpretation of Title VII confirms our conclusion that the Sheriff should be considered an agent of the County. **Whatever the reason for excluding employers with fewer than fifteen employees from Title VII coverage, it should not be construed to exempt a political subdivision with many employees from Title VII proscriptions on grounds that the immediate employing agent has fewer than fifteen employees.** No sound policy mandates a contrary result.

    *Owens*, 636 F.2d at 287 (emphasis added). Like the Sheriff of Wabaunsee County, Kansas, the Adams County Coroner in this case is an elected official tasked with specific duties to the county by statute. *See, id* at 286*;* C.R.S. § 30-10-601 *et seq*.

---

[1] Section 701(b) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(b) was amended by Pub.L. No. 92-261, § 2(2), 86 Stat. 103 (1972), to include state and local governments within the definition of "employer."

3

The Tenth Circuit Court of Appeals in *Owens* found "[t]he Sheriff is an agent of the County for all purposes under his control and jurisdiction." *Owens*, 636 F.2d at 286. The court further found the elected Sheriff was an agent of Wabaunsee County for purposes of hiring and firing employees. *Id.* at 287. Reviewing *Owens v. Rush,* Judge Kane in *Johnson v. Board of County Comm'rs*, 859 F. Supp. 438, 441 (D. Colo. 1994) held that "[i]mplicit in the decision…is that sheriff's department employees are county employees for the purposes of Title VII." *Johnson*, 859 F. Supp. at 441. The same reasonably applies to this case.

Under *Owens* and *Johnson*, Ms. Aragon is an Adams County employee even though she is employed by an "employing agent" with fewer than fifteen employees. *Owens*, 636 F.2d at 287; *Johnson*, 859 F. Supp. at 441. Since Adams County employs more than fifteen employees, and is otherwise subject to Title VII, this Court should deny Defendants' Motion to Dismiss.

On page four of their Motion to Dismiss, Defendants cite *Bristol v. Bd. of County Commissioners*, 312 F.3d 1213, 1221 (10th Cir. 2002) as support for their argument that the Adams County Coroner's Office falls outside the purview of Title VII. *Bristol* does not support this argument. In distinguishing *Owens v. Rush,* the Tenth Circuit Court of Appeals in *Bristol*, stated "*Owens* did conclude that a Kansas Sheriff was an agent of the County, <u>but for the sole purpose of satisfying the fifteen-employee jurisdictional requirement of Title VII</u>. 636 F.2d at 286-87 (emphasis added). No such jurisdictional question is at issue in the present case, because the Sheriff of Clear Creek had more than fifteen employees." *Bristol*, 312 F.3d at 1221. Rather than support Defendants' Motion to Dismiss, *Bristol* supports the denial thereof.

**2. Granting Defendants' Motion to Dismiss Would not Further the Purposes Supporting Title VII's Jurisdictional Requirement of Fifteen or More Employees.**

The fifteen employee jurisdictional requirement of Title VII "strikes a balance between the goal of stamping out all discrimination and the goal of protecting small entities from the

4

hardship of litigating discrimination claims." *Butler v. City of Prairie Vill.*, 172 F.3d 736, 744 (10th Cir. 1999) (internal quotation marks omitted) citing *Schrader v. Ray*, 296 F.3d 968, 974 (10th Cir. 2002). In this case, Defendants will draw upon the virtually limitless resources of Adams County to defend themselves in this litigation. In fact, Defendants' Motion to Dismiss was prepared by the <u>Adams County Attorney's Office</u>. The affidavit supporting Defendants' Motion to Dismiss was prepared by an employee of the <u>Adams County Finance and Information Technology Department</u>. As such, these Defendants are not "small entities" deserving of protection from the hardships of litigation.

Granting Defendants' Motion to Dismiss would certainly not promote the goal of "stamping out all discrimination." Rather than address and eradicate workplace discrimination, counties such as Adams County would purposely disaggregate into departments with less than fifteen employees, for the purpose of avoiding Title VII liability. "Title VII is remedial legislation to be construed liberally rather than technically." *Peterson v. City of Wichita*, 888 F.2d 1307, 1309 (10th Cir. 1989), *cert. denied*, 110 S. Ct. 2173 (1990).

**3.   Ms. Aragon's Amended Complaint States Facts Sufficient to State a Claim Against Defendants.**

Plaintiff seeks leave to file an Amended Complaint contemporaneously with this Response. If this Court finds that *Owens v. Rush*, 636 F.2d 283 (10th Cir. 1980), *Johnson v. Board of County Comm'rs*, 859 F. Supp. 438 (D. Colo. 1994) and policy considerations underlying Title VII do not support the denial of Defendants' Motion to Dismiss, Plaintiff respectfully seeks leave to amend her Complaint in order to plead facts establishing that Defendants and Adams County are a single employer and/or an integrated enterprise.

As the Court is aware, if Defendants and Adams County are "single employers" or an "integrated enterprise", then Adams County employees can be included for purposes of

5

establishing Title VII jurisdiction. *See, e.g., Knowlton v. Teltrust Phones, Inc.*, 189 F.3d 1177, 1184 and n8 (10th Cir. 1999). Among other factual averments, Ms. Aragon will amend to her complaint to allege the following:

• Ms. Aragon was employed by both Adams County and the Adams County Coroner's Office;

• The Adam County Coroner and his offices are agents of Adams County as they investigate all deaths that occur in Adams County;

• Defendant Adams County Coroner's Office grants its employees leave pursuant to the Family Medical Leave Act leave, subject to the rules and regulations of Adams County. Protected leave pursuant to the Family Medical Leave Act requires fifty or more employees;

• Defendant Adams County Coroner's Office and Adams County share an employee manual;

• Adams County funds Defendant Adams County Coroner's Office at the sole discretion of the Adams County Board of County Commissioners;

• Defendant Adams County Coroner's Office is indemnified by insurance policies held by Adams County;

• Defendant Adams County Coroner's Office and Adams County utilize commons funds and agreements for purposes of self-insurance;

• Defendant Adams County Coroner's Office uses Adams County Human Resources and Finance departments in its daily operations, and shares a building with the Adams County Sheriff's Office;

• Plaintiff was eligible for all benefits and privileges available to employees of Adams County, such as retirement benefits and tuition reimbursement;

- Adams County Finance Department performed the Coroner's office's payroll functions;

- Ms. Aragon received a letter from Adams County on Adams County letterhead welcoming her employment with Adams County. The letter was signed by the Director of Adams County Human Resources;

- Adams County Coroner's Office positions are coded as an "Adams County Job Classification";

- Ms. Aragon drove Adams County vehicles as part of her employment duties;

- Adams County Coroner's positions are advertised on the Adams County website; and

- Adams County employs more than fifteen employees.

The single-employer test rests on four factors: (1) interrelation of operations; (2) centralized control over labor relations; (3) common management; and (4) common ownership or financial control. *Knowlton*, 89 F.3d at 1184. "All four factors, however, are not necessary for single-employer status." *Id.* "Rather, the heart of the inquiry is whether there is an absence of an arm's-length relationship among the companies." *Id.* Based on the facts contained in Ms. Aragon's Amended Complaint, Ms. Aragon has plausibly plead that Adams County and the Adams County Coroner's Office are a single employer or an integrated enterprise. As such, all Adams County employees are counted for purposes of satisfying the numerical requirements for Title VII jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, Ms. Aragon respectfully requests that the Court deny Defendants' Motion to Dismiss in its entirety. In the alternative, Ms. Aragon requests that the Court grant her leave to amend her Complaint.

Respectfully submitted this 9th day of December 2009.

KILLMER, LANE & NEWMAN, LLP

s/ Qusair Mohamedbhai
_____
David A. Lane
Qusair Mohamedbhai
The Odd Fellows Hall
1543 Champa Street, Suite 400
Denver, Colorado 80202
(303) 571-1000
(303) 571-1001 (FAX)
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

On December 9, 2009 I electronically filed a true and correct copy of the above filing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following individuals and email addresses:

Hal Brooks Warren, Esq.
hwarren@co.adams.co.us

Michelle C. Tyler, Esq.
mtyler@co.adams.co.us

KILLMER, LANE & NEWMAN, LLP

s/ Qusair Mohamedbhai
_____